

# NUMBER 13-14-00622-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF L.K.S., C.C.S. II, AND G.E.O.S., CHILDREN

### On appeal from the County Court at Law No. 1
### of Calhoun County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellants M.H.S. and C.C.S. appeal the trial court's order terminating their parental rights with respect to their three children, L.K.S., C.C.S. II, and G.E.O.S.[1]  We affirm.

---

[1] We will refer to the mother as M.H.S., the father as C.C.S., and their children as L.K.S., C.C.S. II, and G.E.O.S, in accordance with rule of appellate procedure 9.8.  *See* Tex. R. App. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member"); *see also* Tex. Fam. Code Ann. § 109.002(d) (West, Westlaw through 2013 3d C.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

## I. COMPLIANCE WITH *ANDERS*
### APPELLANT M.H.S.

M.H.S.'s court-appointed appellate counsel has filed a brief in which she states "there are no non-frivolous issues for appeal" and has requested that this Court permit her to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 774–45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an Anders-type brief."). In her brief, counsel addresses: (1) whether the evidence presented at trial supported the termination of the parent-child relationship between M.H.S. and the children because (a) M.H.S. engaged in conduct or knowingly placed her children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, *see* TEX. FAM. CODE ANN. § 161.001(1)(D), (E) (West, Westlaw through 2013 3d C.S.), or (b) M.H.S. failed to comply with the provisions of the court order that set out what actions were necessary for her to obtain the return of her children, *see id.* § 161.001(1)(O); (2) whether the evidence was sufficient to support the best interest finding, s*ee id.* § 161.001(2); and (3) whether the trial court erred in terminating M.H.S.'s parental rights and not considering an alternate placement with their maternal grandmother. After reviewing the record, counsel concludes that the first two issues are "frivolous and [do] not support reversal by this Court

---

The fourth and oldest child of M.H.S., J.P.A. III, who was sixteen years old at the time of trial, and his father, J.P.A. II, are not parties to this appeal. The trial court did not terminate parental rights to J.P.A. III. Instead, the court placed J.P.A. III with his maternal grandmother and named the grandmother and the child's father joint permanent managing conservators. The court appointed M.H.S. as possessory conservator of J.P.A. III.

2

of the trial court's judgment." As to the third issue, counsel recognizes that "the [trial] court was not required to consider alternatives to termination" and advises M.H.S. that "because there is no legal duty on the part of the State to show alternate placement would be a viable option for the children, [she] doubt[s] if the Court will reverse on this basis." Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), M.H.S.'s counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has demonstrated that she has complied with the requirements of *Anders* by examining the record and finding no arguable grounds to advance on appeal. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Counsel has demonstrated that she has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and her request to withdraw on M.H.S., (3) informing M.H.S. of her rights to file a pro se response, review the record preparatory to filing that response, and seek review if the court of appeals

3

concludes that the appeal is frivolous; and (4) providing M.H.S. with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days.[2] *See Anders*, 386 U.S. at 774; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   An adequate time has passed, and M.H.S. has not filed either a timely motion seeking pro se access to the appellate record or a motion for extension of time to do so.   And she has not filed a pro se response.

## II. COMPLIANCE WITH *ANDERS*
## APPELLANT C.C.S.

C.C.S.'s court-appointed appellate counsel has filed a brief in which she "concludes there are no non-frivolous issues for appeal" and has requested that this Court permit her to withdraw as counsel.   *See Anders*, 386 U.S. at 774–45; *Porter*, 105 S.W.3d at 56.   In her brief, counsel addresses:   (1) whether the evidence presented at trial supported the termination of the parent-child relationship between C.C.S. and the children because (a) C.C.S. engaged in conduct or knowingly placed his children with persons who engaged in conduct that endangered the physical or emotional well-being of children, *see* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), or (b) C.C.S. failed to comply with the provisions of the court order that set out what actions were necessary for him to obtain the return of her children, *see id.* § 161.001(1)(O); and (2) whether the evidence was sufficient to support the best interest finding.   *See id.* § 161.001(2).   After reviewing the

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, any response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

record, counsel determined that the evidence was legally and factually sufficient to support termination of parental rights because there was: (1) evidence of domestic violence between M.H.S. and C.C.S., a pattern of criminal activity, and a history of drug abuse which constitutes clear and convincing evidence of endangerment of the children's physical or emotional well-being under sub-sections (D) and (E) of section 161.001(1) of the Texas Family Code; (2) evidence of multiple documented instances of C.C.S.'s failure to comply with the service plan developed by the Department of Family and Protective Services and to complete the items on his service plan which constitutes clear and convincing evidence that C.C.S. "failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child[ren] . . . ." under section 161.001(1)(O) of the family code; and (3) "clear and convincing evidence . . . to support the trial court's finding that the termination of the parental rights of C.C.S. was in the best interest of the children, L.K.S., C.C.S.II, and G.E.O.S."

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d at 407 n.9 (citing *Hawkins*, 112 S.W.3d at 343–44); *Stafford*, 813 S.W.2d at 510 n.3. In compliance with *High*, 573 S.W.2d at 813, and *Kelly*, 436 S.W.3d at 318–19, C.C.S.'s counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has demonstrated that she has complied with the requirements of *Anders* by examining the record and finding no arguable grounds to advance on appeal. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Counsel has informed the Court that she has (1) examined the record, (2) found no arguable grounds to advance on appeal, and (3) served a copy of the brief and her request to withdraw on C.C.S. *See Anders*, 386 U.S. at 774; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

In March 2015, this Court informed C.C.S. that his counsel has examined the record, has found no arguable grounds to advance on appeal, and has requested to withdraw as C.C.S.'s counsel. We informed C.C.S. that he has the right to file a pro se response, review the record preparatory to filing that response, and seek review if we conclude that the appeal is frivolous. This Court also provided C.C.S. with a copy of the brief and the appellate record. An adequate time has passed, and C.C.S. has not filed a pro se response.

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and the briefs filed in this case, including the brief filed by the Texas Department of Family and Protective Services in response to the *Anders* briefs, and we have found nothing that would arguably support an appeal for either M.H.S. or C.C.S. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

6

Accordingly, we affirm the trial court's order terminating the parental rights of M.H.S. and C.C.S. to L.K.S., C.C.S. II, and G.E.O.S.

## IV. MOTIONS TO WITHDRAW

In accordance with *Anders*, counsel for M.H.S. and counsel for C.C.S. ask this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant each motion to withdraw. Within five days of the date of this Court's opinion, we order each counsel to send a copy of the opinion and judgment to her client and to advise her client of his or her right to pursue a petition for review in the Texas Supreme Court.[3] *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 14th
day of April, 2015.

---

[3] No substitute counsel will be appointed. Should M.H.S. or C.C.S. wish to seek further review of this case by the Texas Supreme Court, she or he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed with the Texas Supreme Court clerk within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id.* at R. 53.2.